UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| MARION M., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:18-CV-00490-LEW |
| | ) | |
| SOCIAL SECURITY | ) | |
| ADMINISTRATION | ) | |
| COMMISSIONER, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OF DECISION**

On June 14, 2019, the Court sustained Plaintiff's Statement of Errors, vacated Defendant's final administrative decision, and remanded the matter for further proceedings.

On September 20, 2019, Plaintiff filed a motion requesting leave to file a belated motion for an award of attorney's fees and costs. Plaintiff indicated in the motion that Defendant took no position on the motion and I granted the motion without awaiting a response from Defendant. Although I granted leave to file, I did not deprive Defendant the right to object to the anticipated motion for fees.

Plaintiff filed the motion for costs and fees promptly upon receiving leave to do so and his motion is presently before the Court.

Defendant objects to the motion because it was not timely submitted. Response (ECF No. 34). Defendant does not raise any other objection to the motion.

In *Richardson v. Astrue*, No. 2:10-cv-00062-DBH, Magistrate Judge Rich concluded, reasonably in my view, that the most appropriate standard by which to evaluate a motion to permit a late EAJA petition is the standard found in Rule 6: "When an act may or must be done within a specified time, the court may, for good cause, extend the time … on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

> The determination of "what sorts of neglect will be considered 'excusable[]' … is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (footnote omitted). "These include … the danger of prejudice to [other parties], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

*Richardson*, 2010 U.S. Dist. Lexis 112398, at *7. In *Richardson*, Magistrate Judge Rich granted the motion to extend the filing deadline despite the absence of a good excuse for the late filing other than the oversight that sometimes goes along with a busy practice. He noted the absence of bad faith and prejudice, and determined it was in keeping with public policy to excuse the rare oversight and remind the social security bar of the importance of observing the deadline imposed under Local Rule 54.2. *Id.* at *9-10.

In the nine years since *Richardson*, it does not appear that Magistrate Judge Rich's admonition has been tested by the social security bar, whose members routinely file petitions for fees, which indicates in my view that counsel have generally striven to adhere to the Local Rule 54.2 timeline and have not flouted the rule as a matter of no consequence. I am also unaware of any prior oversight by Attorney George Jabar II., who represents counsel in this matter. The social security bar is deserving of another reminder/notice that

counsel who fail to adhere to the time constraints imposed by Local Rule 54.2 run the risk of forfeiting a fee award.

Defendant has not raised any other objection to the fee petition and, accordingly, Plaintiff's Motion for Award of Attorney Fees and Expenses (ECF No. 33) is GRANTED in the amount of $4,892.64. [1]

**SO ORDERED.**

**Dated this 4th day of November, 2019.**

                                                **/S/ LANCE E. WALKER**
                                                **UNITED STATES DISTRICT JUDGE**

---

[1] Counsel's related request that I specify who payment will be made to is not an appropriate request in the context of this motion. Defendant has indicated counsel will be paid directly in the event Plaintiff does not owe a debt to the Government.